Case 4:24-cv-02542   Document 24   Filed on 07/09/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 09, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY G.,[1] | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | No. 4:24-cv-2542 |
| LELAND DUDEK, | § | |
| Acting Commissioner of Social | § | |
| Security, | § | |
| *Defendant.* | § | |

# MEMORANDUM AND ORDER[2]

Plaintiff seeks to recover attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Pl.'s Mot., ECF No. 22. Because the Court granted Plaintiff's Motion for Summary Judgment, ECF No. 12, and remanded this case to the Commissioner for reconsideration, Memorandum & Order, ECF No. 20; Final Judgment, ECF No. 21, Plaintiff is the prevailing party. The Court finds that Plaintiff's counsel's request for fees is reasonable, and Defendant does not oppose the request. ECF No. 22. Therefore, Plaintiff's motion is granted as set forth herein.

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] Based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Order Transferring, ECF No. 9.

I. **LEGAL STANDARD FOR THE EAJA**

The EAJA permits the recovery of attorney's fees in proceedings for judicial review of an agency's action. 28 U.S.C. § 2412(d)(1)(A). The purpose is to "ensure adequate representation of those who need it and to minimize the costs of this representation to taxpayers." *Day v. Comm'r Soc. Sec. Admin.*, No. 6:16-CV-00210, 2017 WL 4417682, at *1 (E.D. Tex. Oct. 31, 2017); *see Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (purpose is to eliminate the financial disincentive for an average person to challenge unreasonable government actions). In a civil action brought against the United States, the claimant is entitled to attorney's fees under the EAJA when the following elements are met: (1) the claimant is the prevailing party, (2) the claimant timely files a fee application, (3) the Court finds the position of the Government was not substantially justified, and (4) no special circumstances make the award unjust. *Reese v. Saul*, No. 4:19-CV-27872, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)).

The Court previously found that the ALJ failed to adequately assess Plaintiff's mental limitations at Step Two and failed to incorporate her mental limitations in the RFC. ECF No. 20. The claimant is a prevailing party when the district court remands a social security action under sentence four of 42 U.S.C. § 405(g).[3] *Shalala v.*

---

[3] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g).

2

*Shaefer*, 509 U.S. 292, 299-301 (1993); *Mathews v. Berryhill*, No. 4:18-CV-04795, 2020 WL 242487, at *1 (S.D. Tex. Jan. 16, 2020). Thus, Plaintiff is the prevailing party, she timely[4] filed her motion for attorney's fees, and the government's position was not substantially justified. No special circumstances make the award of fees unjust.

## II.   ANALYSIS

Plaintiff's counsel seeks a fee award of $9,030.00 in attorney fees. She submitted evidence supporting an hourly rate of $215.00 for 40.0 attorney hours worked in 2024; and $215.00 for 2.0 hours in 2025. ECF No. 23-2. Defendant does not object to the hours expended or the rate requested. ECF No. 22. Nonetheless, the Court must determine whether the fee is reasonable, requiring an examination of the hours worked and the rate sought. *Matthews*, 2020 WL 242487, at *2 (citing *Chargois v. Barnhart*, 454 F. Supp.2d 631, 634 (E.D. Tex. 2006)). Typically, in Social Security cases, fee applications range from twenty to forty hours. *Id.*[5]

---

[4] After the district court renders judgment, a party has 30 days from the time that the judgment becomes final to seek an EAJA award. The district court's judgment becomes final when it can no longer be appealed. 28 U.S.C. § 2412(d)(2)(G). In suits in which a federal officer is a party, the time for appeal does not end until 60 days after the entry of a Rule 58 judgment. *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993). Thus, a party has 30 days after this 60-day time period to seek an EAJA award of fees. In this case, the Court issued a judgment on June 18, 2025, ECF No. 20, which will become final on July 18, 2025. Plaintiff has thirty days from July 18, 2025, to file his motion for attorney's fees. Plaintiff filed his motion on July 7, 2025 well within the thirty-day window and Defendant is unopposed to her request. ECF No. 22.

[5] Courts award attorney's fees pursuant to the EAJA only for those hours incurred in the civil action, not the administrative proceedings. The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in

Plaintiff's counsel claims 42.0 hours, which is around the typical range of hours for this type of case.

Counsel's hourly rate is higher than the statutory rate of $125,[6] requiring a finding that the increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The court has wide discretion in calculating any increase in the hourly rate. *Matthews*, 2020 WL 242487, at *2. Courts routinely use cost-of-living adjustment based on the Consumer Price Index ("CPI") report compiled by the United States Bureau of Labor Statistics. *E.g., Day*, 2017 WL 4922048, at *2; *Chargois*, 454 F.Supp.2d at 634 (collecting cases). Based on the region where services were performed, the court will use the average annual CPI for the year the last time the rate changed as a base rate, and then compare it to the average annual CPI for when the attorney provided the legal services. *Chargois*, 454 F.Supp.2d at 634; *accord Perales*, 950 F.2d at 1079 (instructing the court on remand to "segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). If the CPI increased from the time the hourly rate changed to the time the services were performed, "the court calculates the percentage

---

any civil action, brought by or against the United States in any court having jurisdiction of that action." 28 U.S.C. § 2412(d)(1)(A).

[6] The EAJA dictates that attorney's fees not to be awarded in excess of $125 per hour, unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii).

difference and approves an excess hourly fee corresponding to the calculated percentage increase." *Chargois*, 454 F.Supp.2d at 634.

Here, Plaintiff's counsel is claiming fees for work performed in 2024 and 2025. The hourly rate last changed in 1996; at that time, the CPI for Houston-The Woodlands-Sugar Land, TX and was 142.7.[7] The Court calculates the hourly rates for 2024 and 2025 as follows:[8]

- For 2024, the CPI for Houston-The Woodlands-Sugar Land, Texas is 274.201. The percentage difference between 1996 and 2024 is 192.15% (274.201/142.7). Therefore, the hourly rate for 2024 is $240.19/hour (192.15% x $125/hour).

- For 2025, there is no annual data available. Consequently, the Court will use the CPI for Houston-The Woodlands-Sugar Land, Texas for April 2025, which is 278.069. The percentage difference between 1996 and 2025 is 194.86% (278.069/142.7). Therefore, the hourly rate for 2024 is $243.58/hour (194.86% x $125/hour).

Using these calculated hourly rates, the Court determines the appropriate fee for Plaintiff's counsel based on the hours worked. In 2024, Plaintiff's attorney worked 40.0 hours; and at $240.19 per hour, the fee is $9,607.60. In 2025, Plaintiff's attorney worked 2.0 hours; and at $243.58 per hour, the fee is $487.16. The sum of the 2024

---

[7] Plaintiff's counsel allegedly used a CPI for "All Urban Consumers" in her calculations, which led to the calculation of slightly different hourly rates. ECF No. 23 at 4. The Court instead uses the more geographically precise CPI for the Houston area noted above.

[8] The Court obtained CPI numbers used to calculate Plaintiff's attorney's fees from this chart. *See* Consumer Price Index, All Urban Consumers (CPI-U), Houston-The Woodlands-Sugar Land, Tx, https://data.bls.gov/timeseries/CUURS37BSA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited July 8, 2025).

and 2025 fees is $10,094.76.

Plaintiff came to a slightly lower calculation: $9,030.00. ECF No. 22. To promote uniformity in the division, the Court uses the rates as calculated. *Mesecher*, 2017 WL 4417682, at *2 ("Use of such data promotes fee rates that are uniform within a particular district court division." (internal citations omitted)). The Court finds that a fee of $10,094.76 is reasonable for 42.0 hours worked. *Accord Palo R.*, 2024 WL 1181492, at *3 (approving $8,158.59 in fees for 32.05 hours in attorney time); *Burkhart v. Saul*, No. 2:20-CV-155, 2021 WL 5154786, at *3 (S.D. Tex. Aug. 2, 2021) (approving $8,456.32 in fees for 42.2 hours in attorney time and other fees).

### III. CONCLUSION

The Court **ORDERS** that Plaintiff's motion for attorney's fees, ECF No. 22, is **GRANTED**; and Defendant is **ORDERED** to pay $10,094.76 in fees pursuant to the Equal Access to Justice Act with the check made payable to Plaintiff, and mailed to: Jennifer L. Dunn, Dunn Law, PLLC, 890 Winter Street, Suite 230, Waltham, MA 02451.[9]

**SIGNED** at Houston, Texas, on July 8, 2025.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**

---

[9] In her proposed order, Plaintiff asked to have any award made directly payable to Plaintiff's counsel. ECF No. 22-1. "However, the Supreme Court has clarified that EAJA awards are payable to the *litigant* rather than their attorney." *Martha V. v. Kijakazi*, No. 4:21-CV-3267, 2023 WL 5186869, at *4 (S.D. Tex. Aug. 10, 2023) (citations omitted); *see Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Therefore, the award itself must be paid to the Plaintiff.